IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:14-CR-224-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM HENRY SUDDUTH | ) | |

This cause is before the Court on defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, defendant's motions are granted.

BACKGROUND

On December 5, 2014, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. On March 27, 2015, defendant was sentenced to a term of 150 months imprisonment, followed by five years of supervised release. Defendant's current projected release date is June 7, 2025.

On July 15, 2020, defendant filed a *pro se* motion for compassionate release. On July 20, 2020, the Federal Public Defender was appointed pursuant to Standing Order 19-SO-3. On August 4, 2020, defendant, through counsel, filed a supplemental motion for compassionate release. On August 14, 2020, the government filed a response in opposition. On August 18, 2020, defense counsel replied.

Defendant seeks compassionate release based upon his health conditions and the current COVID-19 pandemic. Specifically, defendant contends his obesity, hypertension, and the risk that

COVID-19 poses to his health establishes extraordinary and compelling circumstances to obtain a reduction in sentence.

The government concedes that defendant exhausted his administrative remedies and that his obesity, in conjunction with the current COVID-19 pandemic, presents extraordinary and compelling circumstances. The government opposes release, however, based upon the 18 U.S.C. § 3553(a) factors.

DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in the sentence or (2) a defendant who is serving a sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" Id. § 3582(c)(1)(A).

---

[1] Pub. L. 115-391, 132 Stat. 5194.

2

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 994(t). To that end, the Sentencing Commission has defined extraordinary and compelling reasons in terms of four categories of circumstances having to do with a defendant's age, health, and family circumstances, as well as a catch-all provision. U.S.S.G. § 1B1.13, comment. n.1. But, because U.S.S.G. § 1B1.13 applies expressly to the Director of the Bureau of Prisons, the "consistency requirement simply is not implicated" as to motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended by the First Step Act. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) (internal quotation and alteration omitted). In other words, until the Sentencing Commission updates its guidance, a district court is authorized to independently determine whether extraordinary and compelling circumstances exist, and its determination is not constrained by U.S.S.G. § 1B1.13. Id. at 281-284; see also United States v. Zullo, 976 F.3d 228, 236 (2d Cir. 2020); United States v. Jones, 980 F.3d 1098, 1109-1111 (6th Cir. 2020). In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a reduction in sentence is warranted, a court must further consider the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

A compassionate release motion is deemed exhausted when the movant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The government does not object to defendant's contention that he exhausted his administrative remedies. Thus, the Court deems defendant's request for compassionate release exhausted.

The parties agree that defendant's obesity, in conjunction with the COVID-19 pandemic, creates an extraordinary and compelling reason under § 3582(c)(1)(A)(i). Specifically, defendant presents a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1.(A)(ii)(I). The Court agrees with the parties, and finds that defendant's health condition, in light of the COVID-19 pandemic, rises to the level of extraordinary and compelling circumstances. Thus, the Court must determine whether a reduction in defendant's sentence is warranted after considering the § 3553(a) factors.

The nature and circumstances of defendant's crimes were serious. Defendant acted as a supervisor in a drug trafficking organization and distributed a large quantity of drugs. Defendant also has prior state convictions for drug trafficking. Since his incarceration, however, defendant has used his time to better himself. Defendant has taken numerous educational courses, worked, and incurred no infractions. A male pattern risk scoring form obtained from the Bureau of Prisons placed defendant at a "low" risk level. Upon release, defendant plans to reside with his wife who was diagnosed with congestive heart failure several years after his imprisonment. Defendant also plans to care for his elderly mother, and anticipates gaining employment at a local restaurant because of his work experience in the kitchen at the Bureau of Prisons. Defendant will also face five additional years of supervised release where his behavior will be monitored by the United States Probation Office. Given this, the Court concludes that requiring defendant to serve the remainder of his sentence would do little to further the purposes of sentencing enumerated in § 3553(a) and that defendant would not pose a danger to another person or community if released.

Based on the foregoing, defendant has demonstrated that extraordinary and compelling

reasons warrant a reduction in his sentence and that a sentence reduction otherwise comports with the applicable statutory and policy requirements.

## CONCLUSION

Defendant's motions for compassionate release [D.E. 32, 37] are GRANTED. Defendant's term of imprisonment is REDUCED to TIME SERVED. All other conditions of the Court's judgment remain in full force and effect.

SO ORDERED, this 15 day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE